EBENEZER DORR, Appellant,

*against*

NATHAN OSGOOD, Appellee.

</div>

A party on trial to the Jury has his election to show the interest of a witness, either by putting him upon the *voir dire* oath, or by other proof; but he cannot avail himself of both modes of proof on the same trial.

When a party on trial to the Jury has elected to prove the interest of a witness by causing the *voir dire* oath to be administered to him, and the witness purges himself, and is sworn in chief, the party shall not, on motion for a new trial, be admitted to show the witness *interested* by other proofs.

AT the stated term, issue to the Jury, and verdict for the defendant. Plaintiff filed his motion for a new trial, stating,

First. That *David Osgood*, the principal and most material witness on the part of the defendant, was interested in the event of the cause, and therefore incompetent.

Secondly. That the verdict was against law and evidence.

The motion was heard and decided the present term.

Upon an intimation by the Court that they were convinced the verdict was correct upon the evidence admitted, the second point was laid out of the case.

By recurrence to the Judge's minutes, it appeared, that on motion of the plaintiff the *voir dire* oath had been administered to *David Osgood*, and after a strict examination he had purged himself from all interest in the event of the cause.

The question now made is, whether, when a party has elected to have the *voir dire* oath administered to a witness, and he has purged himself from all interest in the event of the cause, and testified in chief, the party can, on motion for a new trial, be admitted to show by other proof, that the witness was *interested*, and therefore incompetent, and improperly admitted to testify in chief.

*Cephas Smith*, junior, contended, that it is against the principles of natural justice to admit a witness to testify in a cause in which he is interested. It is the same as permitting a party to testify in his own cause. Whenever it can be discovered, that the streams of justice are about to be or have been polluted by such base evidence, the Court will interfere, and either exclude the witness on trial, or grant a new trial, which may be a fair one.

The witness having purged himself from interest by the ordeal of the *voir dire*, when he knew he was interested, so far from being a reason why the Court should not grant a new trial, upon full proof of his

Dorr
v.
Osgood.

interest, should operate as a strong reason to the con-
trary. If a person interested in a cause has thought-
lessly testified, he may still, as a candid man, or as
one under fear of the injunctions of his oath, tes-
tify to the truth; but when a man perjures himself
in the outset—when particularly interrogated on the
*voir dire*, and the subject brought home to his me-
mory and conscience, he swears, that he is not in-
terested in the event of a cause, although he knows
that he is; certainly there is every reason to con-
clude, that a person thus circumstanced would be
biased by the same interest to perjure himself
when testifying in chief.

*Daniel Chipman*, for defendant, cited 1 *Durnf. &*
*East*, p. 717—720. *Turner and others* v. *Pearte*,
and 4 *Burr. Rep.* p. 2251—2256. *Abrahams, qui tam*,
v. *Bunn;* and was proceeding to apply the doctrine
therein laid down, but was interrupted by the Court.

*Per Curiam.* By our practice, when a witness
appears on the stand, who is considered to be inte-
rested in the event of a cause, a party may prove his
interest by written or unwritten testimony. He may
show by documents, or by other disinterested wit-
nesses, that he is interested, or he may appeal to the
conscience of the witness by having the *voir dire*
oath administered to him. The party has his elec-
tion to do either, but *he cannot do both.* If the wit-
ness perjures himself by testifying that he had no
interest, when he knows he has, he is amenable for
the perjury; but if he purges himself from interest,
the opposing party must rest satisfied. He has put
the question of interest upon the witness's con-

science, and he shall not be permitted to proceed virtually to try the witness for perjury. This would create a useless altercation, and impede and devest the trial of the cause; for it is to be observed, that while the question whether the witness be interested or not is tried by the bench, the trial of the cause in issue to the Jury is suspended. The opposite party is not, however, without remedy. During the trial, if the witness perjures himself on the *voir dire*, his admission only establishes his competency. The party may still lessen or entirely do away his credibility, by showing that his character for truth and veracity is bad, or by counter proof may invalidate his testimony.

It appears from the books, that anciently the *English* courts were so strict, that after a witness had been sworn in chief, they would not admit the *voir dire* oath to be administered to him. This strictness has in more modern cases been greatly relaxed. In *England*, as well as here, after the witness has been sworn in chief, and partly examined, the Court, upon suggestion of his interest, will permit the party to show it by administering the *voir dire*, or by other proof.

If our undeviating practice is founded in reason, surely it ought not to be contended, that when the Court uniformly drive a party to his election of either mode to prove the interest of a witness, and confine him strictly to the one he has elected *during the trial*, that he may elect the *voir dire*, and be confined to it during the trial *per pais*, and on motion for a trial *de novo*, come forward with the other mode of proof; for if it is reasonable that the party should avail himself of both modes of proof, it would be more rea-

*Dorr*
v.
*Osgood.*

Dorr
v.
Osgood.

sonable that he should have this benefit of them during the trial; for if the result should be the exclusion of the witness, the delay and costs of a new trial had better be saved.

The Court, therefore, consider, that when a party on trial to the Jury has elected to prove the interest of a witness by causing the *voir dire* to be administered to him, he shall not, on motion for a new trial, be admitted to show the interest of the witness by other proof, and therefore that the plaintiff take nothing by his motion.

Motion dismissed with costs.

*Cephas Smith*, junior, and *Samuel Prentice*, for plaintiff.
*Daniel Chipman*, for defendant.